# Real Estate & Mortgage Company, Appellant, *v.* Cook.

*Equity—Equity practice—Responsive answer—Evidence—Purchase of stock.*

Where a bill in equity is filed by a partnership against a clerk in its employ to compel the transfer of certain shares of stock alleged to have been purchased by the defendant with moneys furnished by the plaintiffs, and the defendant files an answer denying that he had ever agreed to purchase the stock for plaintiffs, and avers that the moneys paid to him were moneys due him by the plaintiffs, and such responsive answer is met only by the uncorroborated testimony of one of the partners, the bill will be dismissed.

Argued Oct. 23, 1908. Appeal, No. 7, Oct. T., 1909, by plaintiff, from decree of C. P. Beaver Co., March T., 1907, No. 5, dismissing bill in equity in case of Real Estate & Mortgage Company v. Will R. Cook and Keystone Driller Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to compel the transfer of stock. Before HOLT, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*W. A. McConnel,* for appellant.

*Arthur E. Barnett,* for appellees.

PER CURIAM, January 4, 1909:

The plaintiff is a partnership engaged in the real estate business. It is alleged in the bill filed that the defendant, Cook, was a clerk in its employ, and was directed by it to purchase the right to subscribe for certain shares of stock to be issued by the Keystone Driller Company, was furnished the money with which to make the payment necessary to secure the right;

that in disregard of his duty he purchased the right and subscribed to the stock in his own name and refused to transfer the stock to the plaintiff.

It is denied by the answer that there was a direction or an agreement to purchase the stock for the plaintiff or that money was received for that purpose. It is averred that the defendant learned from a source disconnected with his employment that the right to subscribe to some stock might be bought, and asked one of the partners to back him in the purchase to the extent of the money then due him by the partnership, and also asked him whether he would like to have some of the stock. The partner agreed to furnish the money as requested, but gave no answer as to his desire to purchase. The next day he told the defendant that he would take all the stock he could get up to an amount named. At that time neither of them knew what amount of stock could be bought, or whether any could certainly be secured. The money furnished was less than half the money due the defendant by the partnership.

After the bill had been filed, the defendant transferred to the plaintiff the right as to one-half of the stock, and the controversy related to the other half. The answer was fully responsive to any allegation in the bill from which an agency or a trust could arise as to the remaining stock. It was therefore conclusive in favor of the defendant unless overcome by the testimony of two witnesses or of one witness and such corroborating facts and circumstances as were equal to the testimony of another witness: Mason v. Smith, 200 Pa. 270. There was no substantial corroboration of the testimony of the partner. The most that was shown was that in a conversation with a third party the defendant had spoken of an interest of the partner in the purchase. This, however, was entirely consistent with the transaction as set out in the answer.

The decree is affirmed at the cost of the appellant.